PER CURIAM.
Appellant, plaintiff/eounter-defendant below, argues that the trial court erred in denying it attorney’s fees and costs pursuant to its demand for judgment and its offer of judgment. We affirm in part; reverse in part, and remand.
As plaintiff, appellant made a demand for judgment. Prior to making the demand, the parties had entered into a stipulation which provided for a maximum amount appellant could recover in the main action. Although the stipulation was silent with respect to fees and costs, the demand for judgment specifically included fees and costs and, if it had been accepted, would have equalled the maximum amount allowable under the stipulation. After a jury verdict in favor of appellant, the trial court ruled that the stipulation, rather than the demand for judgment, controlled and awarded appellant the maximum amount. We affirm because the record supports the trial court’s ruling that the parties intended the stipulation to resolve all aspects of the plaintiffs claim. Thus, the trial court correctly found that the parties intended the stipulation to include fees and costs and correctly awarded appellant only the maximum amount under the stipulation on its claim.
As counter-defendant, appellant made an offer of judgment to settle all counterclaims for a specific amount which counter-plaintiffs rejected. After the jury awarded counter-plaintiffs an amount that was at least 25% less than the offer of judgment, counter-defendant sought reasonable attorney’s fees and costs under section 768.79, Florida Statutes (1991). Contrary to counter-plaintiffs’ contention, however, the stipulation clearly did not refer to the counterclaims, but only applied to the plaintiffs claim. Since the stipulation did not apply to the counterclaims, the trial court erred in denying counter-defendant’s motion for attorney’s fees and costs based on its offer of judgment.
In addition, the trial court erred in finding that appellant’s attorney could not recover separate fees for its representation on the counterclaims because only one reasonable fee for the entire action could be awarded. Appellant was represented on the main claim by its retained counsel. Appellant was represented on the counterclaims by an insurance company attorney. If appellant’s retained counsel on the main claim had been entitled to an award of attorney’s fees, such an award would not have precluded appellant’s insurance company attorney from recovering fees on the counterclaims. Where a party engages separate counsel to represent it on various aspects of an action, attorney’s fees to each counsel are not pre- *1056 eluded provided that the services rendered are necessary, not duplicative, and the total fee is reasonable. Dowdell v. City of Apop-ka, 698 F.2d 1181, 1188 (11th Cir.1983). A trial court may always reduce the amount of fees awarded if it determines that there was unnecessary duplication of legal services. Because the stipulation resolved all aspects of the main claim, appellant was not entitled to an additional award of fees on the main claim. Therefore, the only fees that appellant is due relate to the insurance company attorney’s representation of appellant on the counterclaims.
Accordingly, we affirm in part; reverse in part, and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
GUNTHER and POLEN, JJ., concur.
WARNER, J., concurs specially with opinion.